UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20259-CIV-KING/GARBER

TIMOTHY MOSLEY and
MONIQUE MOSLEY,

      Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY,
a foreign corporation, licensed and authorized to
do business in the State of Florida,

      Defendant.

_____/

## ORDER

THIS CAUSE is before the Court upon reference by Senior United States District Judge James Lawrence King. (DE 26.). The plaintiffs Timothy and Monique Mosley have filed a Motion to Compel Production or Alternatively Motion for More Definite Privilege Log and Request for In Camera Inspection. (DE 24). The defendant American Home Assurance Company has responded (DE 27), opposing the Mosleys' motion, and the Mosleys have submitted a reply (DE 28) to said response. Having considered these filings and their accompanying exhibits, and having considered the record in its entirety, the Court hereby GRANTS IN PART and DENIES IN PART the Mosleys' motion for the reasons that follow.

The Mosleys, the insureds in this case, seek $1.8 million in coverage for a watch that was covered, with certain exclusions, by an insurance policy written by American Home. With respect to their breach of contract case against American Home, the Mosleys seek the production of various

documents from American Home. In response to American Home's objections to some of the discovery requests, the Mosleys allege that the documents are discoverable in relation to various issues raised by the complaint and answer in this case.  The insurance company disagrees, arguing that the documents requested are, variously, subject to the work-product or attorney-client privileges, not in its possession, or are not relevant to the case.

I.      **The Discovery Sought and the Objections Thereto**

The documents requested by the Mosleys which have prompted the instant dispute fall into four general categories: (A) various underwriting files and related documents (Requests 1, 2, 9, and 12); (B) various claims file and related documents (Requests 3, 6, 7, and 8); (C) American Home's special investigations unit file and related documents (Request 4); and (D) documents received from the Los Angeles County Sheriff's Department (Request 5).

A.      **Underwriting Files**

The Mosleys request: (1) the underwriting files and application for the policy at issue in this case (Requests 1 and 2); and (2) the underwriting files for all policies issued by American Home or another insurance company, Hamilton Group, to the Mosleys from January 11, 2009 through the present (Requests 9 and 12).

1.      **Underwriting Files and Application for the Policy at Issue**

With respect to the underwriting file and application for the policy at issue in this case, American Home objects to the Mosleys' request "to the extent that Plaintiffs' request seeks irrelevant information and documentation." (Pl.'s Mot. DE 24, 5.) In support of its assertion that the information in the underwriting file is irrelevant, American Home, in its response, insists that an underwriting file is not discoverable in a breach of contract case, such as the one before the Court. The insurance company points to an opinion issued in this district which it claims stands for the

2

proposition that an underwriting file is only discoverable where there is a bad faith claim. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691 (S.D. Fla. 2007).

American Home's characterization of the *Milinazzo* case, however, misses the mark. In *Milinazzo*, the court specifically noted that, where a plaintiff alleges that a contract term is ambiguous, the underwriting file may be discoverable even though there is no bad faith claim before the court. 247 F.R.D. at 702. Here, the Mosleys have made a prima facie showing that a material provision of the policy, relating to the exclusion of coverage where there is a "mysterious disappearance" without evidence of a "forced entry," is ambiguous.  They argue that the exclusion at issue "is internally inconsistent and contradictory by its own terms" and that "any basis for understanding [American Home's] writings must come from its underwriting file." (Pl.'s Reply DE 28, 4.) This supposition has gone unrebutted by the defendant and appears therefore to be conceded. This, combined with the persuasive reasoning set forth in the *Milinazzo* opinion, results in the Court's determination that American Home must produce the underwriting file, as well as the application, of the policy at issue in this case. That is, American Home must produce the documents responsive to Requests 1 and 2. [1]

### 2.   <u>Underwriting Files of Other Policies</u>

The same reasoning, as set forth in the preceding section, does not apply to the underwriting files for policies that are not involved in the instant case. The plaintiffs have not set forth a compelling reason for why the underwriting files for other policies, as opposed to the policy at issue

---

[1]Although American Home references its privilege log in its initial objection to Request 1, its response to the Mosleys' motion to compel does not again raise any privilege issues with respect to this file. Further, there is nothing on the face of the log itself that would indicate that any privileges are at issue with respect to the underwriting file. The Court thus infers that none of the underwriting file documents are in fact privileged. With respect to Request 2, American Home has not raised any privilege issue either in its objections to the request or in its response to the Mosleys' motion.

in this case, would be relevant to the instant breach of contract claim. Based on the information presented to the Court, the underwriting files for other insurance policies would be irrelevant to a determination of coverage under the instant policy. The Mosleys' motion then, with respect to Requests 9 and 12 is denied.

      B.   **Various Claims Files**

The Mosleys next request: (1) the claims file prepared and maintained in connection with the instant claim (Request 3); and (2) the claims files kept by three named individuals in particular, one of which appears to be maintained by an entity other than American Home (Requests 6, 7, and 8).

      1.   **American Home's Claims File**

With respect to the claims file prepared by American Home in response to the Mosleys' insurance claim, American Home avers that it has already produced all documents from that file that were created prior to American Home's final decision. (Def.'s Resp. DE 27, 16 .) In doing so, American Home leaves unrebutted the presumption that a document or thing is not work product if it was prepared before a final decision was reached on an insured's claim. *Milinazzo*, 247 F.R.D. at 701. The Mosleys did not object to American Home's assertion that is has already produced claims file documents created prior to the issuance of a final decision, so the Court presumes that these documents are no longer the subject of the instant discovery dispute: the parties appear to agree that documents prepared prior to the denial letter should not be subject to the work-product privilege. As an aside, however, and in the interest of judicial economy, the Court notes that there are a number of documents listed on American Home's privilege log which were created prior to the issuance of the May 13, 2011 denial letter and which American Home has indicated were withheld on the basis of, in part, work-product privilege. To the extent that any of those documents are part of the claims file, those documents are to be provided to the Mosleys if they have not in fact already been

4

produced. To the extent that those listed documents are not part of the claims file, American Home must provide further information about those documents, including to which requests those documents would be responsive, that would enable opposing counsel to actually assess the applicability of the privilege.

Regarding the remainder of the claims file, that is, documents in the claims file created after the issuance of the final decision letter, American Home claims that these documents are irrelevant and subject to the work-product privilege by virtue of having been prepared, according to American Homes, in anticipation of litigation. The Mosleys argue, on the other hand, that just because materials were created subsequent to the final denial decision does not automatically subject those records to the privilege. The Court agrees with the Mosleys and finds an oft-cited case from the Southern District of Indiana, *Harper v. Auto-Owners Ins. Co.*, to be instructive. 138 F.R.D. 655 (1991). Thus, "[e]ven after litigation is justifiably anticipated," as it is after a final letter of denial is issued, "routine and ordinary investigations or reports are not work product and may be obtained as normal discovery without a special showing of need." *Id.* at 661. Thus, so long as a document would not "reveal damaging litigation strategy," and is otherwise relevant to the case (including the issues of ambiguity and waiver as raised by the Mosleys) and is not subject to the attorney-client privilege, it should be produced, regardless of when the document was created.

To this end, the Court agrees with the Mosleys that certain aspects of American Home's privilege log is woefully inadequate. Entries on American Home's privilege log note the withholding of "Various post-suit emails [and correspondence] with attachments between Powers, McNalis, Torres, Teebagy, Luongo, its employees, and AHAC / AIG / Chartis" on the basis of attorney-client and work-product privileges as well as on relevance grounds. The vagueness of these entries prevents a reasonable evaluation of whether these documents are legitimately being withheld from production.

5

American Home must not only describe the emails and attachments that are being withheld with more detail, including dates, authors, and recipients, but must also specify which privilege or grounds apply, and why, to the withholding of each. For documents being withheld on the basis of work-product privilege, American Home must indicate that those particular emails were created primarily in anticipation of litigation. Even where a document can be characterized as being helpful or important to the instant litigation, if the document has actually been prepared for non-litigation purposes, it must be produced. *See Harper*, 138 F.R.D. at n. 2. Similarly, a document does not qualify for the attorney-client privilege simply because it was given to or received from an attorney. Rather, the communication must be confidential and given during the rendition of legal advice. *Cunningham v. Appel*, 831 So. 2d 214, 215 (Fla. 5th DCA 2002). Where such a document satisfies those requirements, American Home must specifically so indicate.

2.    <strong><u>Individually Maintained Files</u></strong>

The Mosleys also request the claims files maintained by three specific individuals, two of whom appear to be in American Home's employ and one of whom is associated with another company, VeriClaim, Inc.

Regarding the individual files of Lisa Garrison (Request 6) and Kathleen Spinella (Request 7), American Home explains that individuals there do not maintain separate files and therefore there is no documentation that would be responsive to either request. The Court finds this point to be well taken. Thus, with respect to documents prepared by either of these individuals that are within the claims file itself, the same analysis and directions would apply as were set forth in section I.B.1., above.

With respect to the claims file of Cathy Rutherford at VeriClaim, Inc. (Request 8), American Home submits that it cannot be compelled to produce documents created by third parties that it does

6

not maintain. However, to the extent that any of these documents have come into American Home's *possession*, whether by subpoena or otherwise, those documents, assuming no other objections lie, must be produced if they have been incorporated into American Home's claims file.

C.     **Special Investigations Unit File**

In resisting the Mosleys' request that American Home produce its entire Special Investigations Unit (SIU) file (Request 4), American Home claims that the entire file is subject to the work product privilege. In response, the Mosleys argue that the work-product privilege does not apply to the SIU file because documents in that file "directly bear[] on the issue of what further information was discovered by [American Home] that would support any of its affirmative defenses that were previously waived in its initial denial letter of May 13, 2011." (Pl.'s Reply, DE 28, 7.)

The gravamen of the Mosleys' argument here seems to be that because the documents that American Home withheld on the basis of work-product are relevant to the issue of waiver, the documents are therefore not subject to the privilege. This argument, however, sets the cart before the horse. The Mosleys have not suggested that these SIU files were not prepared in anticipation of litigation. Rather, they argue, though without legal support, that the relevance of the documents disqualifies them as being subject to the work-product privilege. Because there does not appear to be any argument from the Mosleys that the documents within the SIU files were not prepared in anticipation of litigation, the Court finds the entire file protected by the work-product privilege—subject, however, to the exception outlined below in Section E.

D.     **Documents Received from the Los Angeles County Sheriff's Department**

In Request 5, the Mosleys ask for the file that American Home obtained from the Los Angeles County Sheriff's Department. American Home objects to the request because it claims that it cannot be compelled to produce documents that it does not maintain. However, so long as

7

American Home possesses copies of those documents responsive to the request, it is required to produce them.

## II.   **Substantial Need and Undue Hardship**

Lastly, the Mosleys assert that even if some of the documents withheld by American Home indeed qualify as being subject to the work-product privilege, a subset of those documents should be produced based on the Mosleys' substantial need for and inability to otherwise duplicate them. As set forth by the Mosleys, American Home, in its denial letter, reserved "the right to maintain a denial based on other reasons that a continued investigation might reveal." (Pl.'s Mot., Exh. 5,  DE 25, 80.) Accordingly, they argue, American Home has waived any other defenses that it would have been aware of at the time of the issuance of the denial letter but did not then raise. The Mosleys therefore seek production of the SIU file and documents within the claims file that are otherwise subject to the work-product privilege on the theory that information therein would bear on this issue of waiver.

Without opining on the issue of waiver, American Home simply submits that it is entitled to formulate and support its defenses to this litigation without disclosing the details of its post-suit investigation. However, by reserving the right to maintain other reasons for a denial of coverage based on information uncovered by American Home after its denial letter was issued, American Home has put its subsequent investigation squarely at issue. Under Federal Rule of Civil Procedure 26(b)(3)(A), a party may discover work-product information if that party can demonstrate both a substantial need for the materials as well as the inability to obtain their equivalent without undue hardship. Here in order to evaluate the issue of whether American Home waived any of its defenses, the Mosleys have a substantial need for materials that would bear on the issue of what further information was discovered by American Home that would support defenses that would otherwise

8

have been waived in its denial letter and when that information was discovered. Furthermore, American Home has not refuted the Mosleys' claim that there is no way for them to duplicate such documentation. Indeed the Court can only assume that it would be impossible for the Mosleys to otherwise learn when American Home became aware of facts that support defenses not raised in its denial.

Thus, any work-product materials from American Home's claims or SIU file that reveal what information American Home learned after the issuance of its denial letter that support defenses that were not indeed raised its denial, must be produced.[2]  Any fact work-product documents from the SIU or claims files that American Home contends do not reveal information about when American Home learned facts that would support defenses not raised in its denial must be listed with particularity in a privilege log, as described in the section below. To the extent that American Home's privilege log does not allow a proper determination in this regard, the Court will order American Home to provide those documents to the Court for an in camera inspection.

III.    **Summary and Conclusion**

The Mosleys' motion (DE 24) is GRANTED in part and DENIED in part as follows:

- **Request 1** – The Underwriting File: The Mosleys' motion is granted and American Home is ordered to produce this file.

- **Request 2** – The Application: The Mosleys' motion is granted and American Home is ordered to produce the application.

- **Request 3** – The Claims File Prepared in Connection with the Instant Claim: Documents created prior to the issuance of the denial letter have already been produced or agreed to be produced—the Mosleys' motion then, with respect to those documents, is denied as moot.  Regarding materials

---

[2] This applies only to fact work-product materials and not, of course, to attorney opinion work product, such as internal memoranda that might reflect an attorney's mental impressions. *Hickman v. Taylor*, 329 U.S. 495 (1947).  The Mosleys have not established the "very rare and extraordinary circumstances" that would warrant waiving the privilege as to opinion work product.  *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994).

created after the issuance of the denial letter, American Home is ordered to provide a more detailed privilege log as described more fully below. Further, any materials created after the denial letter are not automatically considered work product and must have actually been created primarily in anticipation of litigation to qualify for the privilege (see section I.B.1. for further detail). Additionally, any documents not subject to a privilege in the claims file are deemed relevant by the court and thus the Mosleys' motion with respect to those documents is granted. Lastly, the Court deems the work-product privilege waived for documents in this file that reveal information about when American Home might have learned of facts relevant to defenses not raised in its denial letter. The Mosleys' motion in that regard is also granted.

- **Request 4** – The Special Investigations Unit File: The Court finds that documents from this file qualify as work product—the Mosleys' request for a finding to the contrary is thus denied. However, similar to Request 3, the Court deems the work-product privilege waived for documents in this file that reveal information about when American Home might have learned of facts relevant to defenses not raised in its denial letter. The Mosleys' motion in that regard then is granted and American Home is ordered to produce the responsive documents from this file.

- **Request 5** – The File Obtained from the Los Angeles County Sheriff's Department: Any documents in American Home's possession obtained from the Los Angeles County Sheriff's Department are ordered to be produced. The Mosleys' motion with respect to these documents is granted.

- **Request 6** – Lisa Garrison's Claim File: As detailed above, in section I.B.2.,the Mosleys' motion here is denied.

- **Request 7** – Kathleen M. Spinella's Claim File:  As detailed above, in section I.B.2.,the Mosleys' motion here is denied.

- **Request 8** – Cathy Rutherford's Claim File: To the extent that these documents have come into American Home's possession, the Mosleys' motion is granted.

- **Request 9** – Underwriting Files for Other Policies Issued by American Home to the Mosleys: The Mosleys' motion with respect to these documents is denied.

- **Request 12** – Hamilton Group's Underwriting File: The Mosleys' motion with respect to these documents is denied.

- **American Home's Privilege Log**: The Court finds American Home's privilege log inadequate and therefore grants the Mosleys' motion to compel a more definite privilege log. American Home is thus ordered to provide a more detailed log that indexes each separate document that is being withheld and for each document must list: the authors and their capacities; all recipients and their capacities; the date the document was created or issued; the subject matter of the document; the request to which the document is responsive; and a detailed, specific explanation of why the document is privileged or otherwise immune from discovery. If American Home insists that it cannot provide these details without being forced to disclose privileged information, it must provide those

documents to the Court for an in camera inspection for a determination of whether a privilege applies.

The documents subject to production as detailed above, as well as the privilege log, are

ORDERED to be provided on or before **December 13, 2013** unless otherwise agreed upon between

counsel.

DONE AND ORDERED in Chambers at Miami, Florida this 26th day of November 2013.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

11